# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 29, 2023

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| LIANG ZHAO, | * |
| *Parent and natural guardian of* | * |
| G.L., a minor, | *   UNPUBLISHED |
| | * |
| Petitioner, | *   No. 19-735 |
| | *   Special Master Gowen |
| v. | * |
| | *   Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * | |

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Felicia Langel* United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 17, 2019, Liang Zhao, parent and natural guardian of G.L., a minor, ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 62). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$44,362.79**.

### I.   **Procedural History**

On May 17, 2019, Liang Zhao, as parent and natural guardian of G.L., a minor ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

alleges that G.L. suffered from intussusception after receiving the third rotavirus vaccine on November 18, 2016. Petition (ECF No. 1). Petitioner filed a motion to dismiss, I issued my decision dismissing the petition for insufficient proof on January 25, 2023. (ECF No. 57).

On April 19, 2023, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation in the total amount of $44,362.79, representing $25,091.90 in attorneys' fees and $19,270.89 in costs. Fees App. at 2. Pursuant to General Order No. 9, counsel for Petitioner warrants no costs were personally incurred by Petitioner in pursuit of her claim. *Id.* Respondent filed his response on January 23, 2023, stating that "[i]f the Special Master is satisfied that this case was filed and proceeded with a reasonable basis" then the determination of reasonable attorneys' fees and costs is within my discretion. Response at 2-3 (ECF No. 86). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II.   **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, although the petition was eventually dismissed, I find that good faith and reasonable basis have been satisfied. Respondent also has not put forth any argument against the good faith or reasonable basis of the claim. Respondent's position greatly contributes to the finding of reasonable basis. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.")  A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable. Specifically in this case, there was no question but that the child suffered an intussusception after receiving the third rotavirus vaccine.  Fortunately for the child, the intussusception was reduced without the need for surgery.  Accordingly, the question became whether he experienced symptoms that lasted longer than six months.  His mother asserted that multiple symptoms such as persistent gas were secondary to the intussusception.  After multiple status conference discussions with counsel and with Mrs. Zhao, I determined that the requirement for ongoing symptoms for six months could not be met and I dismissed the case.  Given that the child suffered a recognized sequelae of the rotavirus vaccine and that his mother contended that he continued to have mild symptoms, I find that there was reasonable basis to proceed to the point that I advised Ms. Zhao in a status conference that I did not find that the childs abdominal gas was secondary to the prior intussusception.   At that point the petition was dismissed.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

   a.  **Attorneys' Fees**

2

Petitioner requests the following rates for the work of her counsel: for Mr. Maximillian Muller, $300.00 per hour for work performed in 2017, $317.00 per hour for work performed in 2018, $325.00 per hour for work performed in 2019, $350.00 per hour for work performed in 2020, $375.00 per hour for work performed in 2021, $400.00 per hour for work performed in 2022, and $425.00 per hour for work performed in 2023. These rates are consistent with what counsel has previously been awarded in the Vaccine Program and I find them to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $25,091.90.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $19,270.89. This amount is comprised of acquiring medical records, postage, and work performed by Petitioner's medical expert, Dr. Thomas Sferra. Fees App. at 13. All of these costs are typical of Vaccine Program litigation, are reasonable in my experience, and have been supported by Petitioner with adequate documentation. Accordingly, Petitioner is awarded the full amount of costs requested.

### III. Conclusion

**Accordingly, I award a lump sum in the amount of $44,362.79, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Maximillian J. Muller.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).